CASE 102—PETITION EQUITY—MAY 26.

# First National Bank of Chattanooga v. Behan, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

MONEY PAID UNDER A MATERIAL MISTAKE OF FACT MAY BE RECOVERED BACK, although there was negligence on the part of the person making the payment, unless the position of the person to whom the payment was made has been so changed in consequence of the payment that he can not be placed in *statu quo.*

A draft drawn by appellees and deposited with a Covington bank for collection came to appellant for that purpose. Appellant sent it to a Knoxville bank, and was advised September 2 that it was credited to appellant, subject to payment. Appellant hearing nothing further, and having waited until September 7, concluded the draft had been paid, and so notified the bank which sent it, and the Covington bank, having such information, paid the amount to appellees, who at once sent a receipt to their debtor, the drawee. The draft was never paid by the drawee, and appellant, having to account for the amount paid by the Covington bank to appellees, sued appellees to recover that amount. *Held*—That plaintiff is entitled to recover. The position of the defendants toward their debtor has not been changed to their prejudice, as the receipt executed by them creates only a presumption of payment, which may be rebutted.

W. K. BENTON FOR APPELLANT.

1. The drawee has not been released. A receipt is only *prima facie* evidence, and may be contradicted by parol. (Hitt, &c., v. Holliday, &c., 2 Litt., 333; Baugh v. Brassfield, 5 J. J. M., 79; Tribble v. Oldham, *Idem*, 144; Caldwell v. Harlan, 3 Mon., 351; Peddicord v. Hill, 4 *Idem*, 373; Williams v. Cummins, 6 *Idem*, 157; Gordon v. Gordon, 1 Met., 288.)

2. Money paid under mistake may be recovered back. (Mowatt v. Wright, 1 Wend., 355; s. c., 19 Am. Dec., 305; Union National Bank v. Sixth National Bank, 43 N. Y., 452; s. c., 3 Am. Rep., 718; Kelly v. Salari, 9 M. & W., 54; Marriott v. Hampton, 2 Smith's Leading Cases, 403; Kingston Bank v. Etting, 40 N. Y., 391; Gallatin v. Bradford, 1 Bibb, 112; Underwood v. Brockman, 4 Dana, 316; Ray & Thornton v. Bank of Kentucky, 3 B. M., 514; Gratz v. Redd, 4 B. M., 190; City of Covington v. Powell, 2 Met., 228; City of Louisville v. Henning & Speed, 1 Bush, 383; Gibson v. Ky. Grangers' Mut. Ben. Society, 8

Ky. Law Rep., 520; Northrop v. Grove, 19 Conn.; McMurtry v. Ky. Cent. R. Co., 8 Ky. Law Rep., 455; Meredith v. Haines, 17 Rep., 727; Barr v. Veeder, 3 Wend., 412; Wheadon v. Olds, 20 *Idem*, 174; Bank of Utica v. Van Gieson, 18 Johns., 485; Canal Bank v. Bank of Albany, 1 Hill, 287; Bank of Commerce v. Union Bank, 3 N. Y., 287; Adams v. Smith, 5 Cow., 280; Barker v. Bissinger, 14 N. Y., 270; Merchants' Bank v. Rawles, 7 Ga., 191; s. c., 50 Am. Dec., 394; Balt. & Susq. R. Co. v. Faunce, 6 Gill, 68; s. c., 46 Am. Dec., 655.)

WILLIAM GOEBEL FOR APPELLEES.

1. The finding of the circuit judge that there had not been any mistake on appellant's part in giving the credit or in making the payment is fully sustained by the testimony.
2. If one with full knowledge of the law and facts pays money which he is not bound to pay, he can not recover it back.   (Wait's Actions and Defenses, vol. 4, page 463; Covington v. Powell, 2 Met., 229; Louisville v. Zanone, 1 Met., 154.)
3. The giving of the receipt materially changed the position of appellees, and from that there results an estoppel.
4. The chancellor will not aid those who come to him for relief when they appear to have been guilty of negligence which caused the mischief of which they complain.   (Blakey v. Johnson, 12 Bush, 198.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellees drew their draft on Kenner, payable five days after sight, at Rogerville, Tenn., and placed it in the hands of the bank in Covington for collection; that bank sent the draft to a bank in Louisville; that bank sent it to the appellant; the appellant sent it to the Knoxville Bank, and, on the second of September, that bank advised the appellant that the amount of the draft was credited to it subject to payment. The Knoxville Bank then forwarded the draft to the bank at Rogerville. That bank duly presented it to Kenner for acceptance, which was refused. The bank at Rogerville did not immediately give notice that acceptance had been refused, but kept the draft five days, the time fixed in the draft for its payment,.

and three days more, thinking, doubtless, that Kenner was entitled to the five days and three days' grace notwithstanding he had refused to accept the draft; after which it gave notice that payment had been refused. The appellant, on the seventh of September, not having heard from the draft, and concluding from that fact it had been paid, notified the bank in Louisville that it had been paid; and that bank gave a like notice to the Covington bank, and it paid the amount to the appellees, and they immediately sent a receipt to Kenner. Of course, as between these banks, the appellant should stand the loss, if any, and it did; but it instituted this action against the appellees to recover back said sum as having been paid to them by mistake of fact. The appellees resisted payment mainly on the grounds of the negligence of the appellant, which amounted to voluntary payment, and the subsequent insolvency of Kenner, and the fact that they had sent him a receipt against the debt.

It is well settled that money paid under a material mistake of fact may be recovered back, although there was negligence on the part of the person making the payment. (Major v. Major, 63 N. Y., 457.) If a negligent failure to ascertain the true state of case before payment constituted a bar to the right to recover back the payment, "it would be but rare that money paid by mistake could ever be recovered back." The rule rests upon the principle that one person shall not be enriched by another's payment to him of money under a mistake as to his legal or moral obligation to pay it. But this rule is subject to the qualification

that the payment can not be recalled when the position of the person to whom the payment has been made has been changed to his prejudice towards his debtor in consequence of the payment. In that case the person making the payment must bear the loss.

The subsequent insolvency of Kenner not being established, the fact that the appellees gave Kenner a receipt against the debt does not bring their case within the rule stated, for the receipt, at best, creates only a presumption of payment, which may be rebutted as well as any other presumption. And the fact furnished by Kenner himself, to wit: His refusal to accept the draft and to pay it, and the fact as to how the appellees received the money, all of which are easily obtained, almost conclusively establish the fact that the receipt was wrongfully obtained, which fact places the parties in *statu quo*. It can not be said that the position of the appellees toward their debtor has been changed to their prejudice.

The judgment is reversed, with direction for further proceedings consistent with this opinion.